

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

ASP/PL AGR
2013R00474

November 9, 2015

K. Anthony Thomas, Esq.
1002 Broad Street
Newark, NJ 07102

      Re:  <u>Plea Agreement with Vadym Iermolovych</u> 16-235(MCA)

Dear Mr. Thomas:

      This letter sets forth the plea agreement between your client, Vadym Iermolovych, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Vadym Iermolovych to a three-count Information charging Vadym Iermolovych in Count One with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, and in violation of 18 U.S.C. § 1349; in Count Two with conspiracy to commit fraud and related activity in connection with computers, contrary to 18 U.S.C. § 1030(a)(2)(C), and in violation of 18 U.S.C. § 371; and in Count Three with aggravated identity theft in violation of Title 18, United States Code, Section 1028A(a)(1). If Vadym Iermolovych enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vadym Iermolovych for (i) participating in a scheme to hack into the computer networks of PR Newswire Association LLC, Marketwired, and Business Wire between in or about March 2012 through in or about March 2013 in order to steal confidential press releases containing material nonpublic information and then sell those stolen press releases to individuals who traded ahead of them before their distribution to the investing public; and (ii) participating in a conspiracy to sell stolen financial information, such as credit card numbers and related personal information, obtained through computer hacking between in or about October 2011 and in or about November 2014. However, in the event that a guilty plea in this matter is not

entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vadym Iermolovych agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vadym Iermolovych may be commenced against him, notwithstanding the expiration of the limitations period after Vadym Iermolovych signs the agreement.

Sentencing

      With respect to Count One of the Information, the violation of 18 U.S.C. § 1349 to which Vadym Iermolovych agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

      With respect to Count Two of the Information, the violation of 18 U.S.C. § 371 to which Vadym Iermolovych agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

      With respect to Count Three of the Information, the violation of 18 U.S.C. § 1028A to which Vadym Iermolovych agrees to plead guilty carries a statutory mandatory term of two years' imprisonment, which term of imprisonment cannot run concurrently with any term of imprisonment imposed under any other provision of law, including any term of imprisonment imposed for the felonies charged in Count One and Count Two of the Information.

      The sentence for Count One and Count Two may run consecutively to each other.  The sentence on Count Three must run consecutively to any other prison term imposed.  Fines imposed by the sentencing judge for any of the violations described above may be subject to the payment of interest.

      The sentence to be imposed upon Vadym Iermolovych is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and

does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vadym Iermolovych ultimately will receive.

Further, in addition to imposing any other penalty on Vadym Iermolovych, the sentencing judge: (1) will order Vadym Iermolovych to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Vadym Iermolovych to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Vadym Iermolovych, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Vadym Iermolovych to serve a term of supervised release of not more than 3 years for each count, which will begin at the expiration of any term of imprisonment imposed. Should Vadym Iermolovych be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vadym Iermolovych may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Vadym Iermolovych agrees to make restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense to the victims of his criminal conduct in an amount to be set at sentencing.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vadym Iermolovych by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vadym Iermolovych's activities and relevant conduct with respect to this case.

Stipulations

This Office and Vadym Iermolovych agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a

part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Vadym Iermolovych from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Vadym Iermolovych waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Immigration Consequences</u>

Vadym Iermolovych understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Vadym Iermolovych understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  Vadym Iermolovych wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Vadym Iermolovych understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Vadym Iermolovych waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty

- 4 -

plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vadym Iermolovych. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Vadym Iermolovych.

No provision of this agreement shall preclude Vadym Iermolovych from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Vadym Iermolovych received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between Vadym Iermolovych and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        PAUL J. FISHMAN
        United States Attorney

By:  ANDREW S. PAK
      DANIEL SHAPIRO
      DAVID M. ESKEW
      SVETLANA M. EISENBERG
      Assistant U.S. Attorneys

APPROVED:

_____
GURBIR S. GREWAL
Chief, Economic Crimes Unit

I have received this letter from my attorney, K. Anthony Thomas, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 14.11.15
VADYM IERMOLOVYCH

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 11/14/15
K. ANTHONY THOMAS, ESQ.

- 7 -

Plea Agreement With Vadym Iermolovych

Schedule A

1. This Office and Vadym Iermolovych recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Vadym Iermolovych nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vadym Iermolovych within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Vadym Iermolovych further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 (the "Guidelines") applies in this case.

**Count One: Conspiracy to Commit Wire Fraud**

3. The applicable guideline for a violation of Title 18, United Sates Code, Section 1349 is Section 2X1.1 of the Guidelines.

4. The substantive offense is a violation of Title 18 United Sates Code, Section 1343, and the applicable guideline for that offense is Section 2B1.1 of the Guidelines.

5. The guideline for the substantive offense carries a Base Offense Level of 7 because the defendant was convicted of an offense referenced to Section 2B1.1 of the Guidelines, and because the statutory maximum term of imprisonment is 20 years or more. U.S.S.G. § 2B1.1(a)(1).

6. The loss amount is more than $550,000 but not more than $1,500,000. The offense level is therefore increased by 14 levels. U.S.S.G. § 2B1.1(b)(1)(H).

7. The offenses involved 10 or more victims. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

8. A substantial part of the fraudulent scheme was committed from outside the United States and the offenses otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(10).

9. Accordingly, the applicable offense level for Count One is 25.

### Count Two: Conspiracy to Commit Fraud and Related Activity in Connection with Computers

10. The applicable guideline for a violation of Title 18, United States Code, Section 371 is Section 2X1.1 of the Guidelines.

11. The substantive offense is a violation of Title 18, United States Code, Section 1030(a)(2), and the applicable guideline for that offense is Section 2B1.1 of the Guidelines.

12. The guideline for the substantive offense carries a Base Offense Level of 6 because the statutory maximum term of imprisonment is 5 years. U.S.S.G. § 2B1.1(a)(2).

13. The loss amount is more than $550,000 but not more than $1,500,000. The offense level is therefore increased by 14 levels. U.S.S.G. § 2B1.1(b)(1)(H).

14. A substantial part of the fraudulent scheme was committed from outside the United States and the offenses otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(10).

15. The offense of conviction is conspiracy to commit fraud and related activity in connection with computers contrary to Title 18, United States Code, Section 1030(a)(2) and the offense involved the intent to obtain personal information. The offense level is therefore increased by 2 levels. U.S.S.G. § 2B1.1(b)(17)(A).

16. Accordingly, the applicable offense level for Count Two is 24.

### Count Three: Aggravated Identity Theft

17. The applicable guideline for Count Three is Section 2B1.6 of the Guidelines. The offense of conviction is Title 18, United States Code, Section 1028A, therefore, the guideline sentence is the term of imprisonment required under that statutory provision. Accordingly, the Court must impose a mandatory term of imprisonment of two years, which must run consecutively to any term of imprisonment imposed for Count One and/or Count Two of the Information.

**Grouping**

18. The violations with respect to Count One, Title 18, United States Code, Section 1349, and Count Two, United States Code, Section 371, group together pursuant to Section 3D1.2(a) of the Guidelines.

19. Accordingly, pursuant to Section 3D1.3(a) of the Guidelines, the offense level that applies to the group is the highest offense level of the counts in the group, in this case Count One and an offense level of 25.

**Total Guidelines Offense Level**

20. As of the date of this letter, Vadym Iermolovych has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Vadym Iermolovych's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

21. As of the date of this letter, Vadym Iermolovych has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Vadym Iermolovych's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Vadym Iermolovych enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Vadym Iermolovych's acceptance of responsibility has continued through the date of sentencing and Vadym Iermolovych therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Vadym Iermolovych's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

22. In accordance with the above, the parties agree that that the total Guidelines offense level applicable to Vadym Iermolovych is 22 plus 2 years' consecutive imprisonment on Count Three of the Information (the "agreed total Guidelines offense level").

23. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

24. Vadym Iermolovych knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any

collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

25. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.